FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 07 2011 ★
BROOKLYN OFFICE

Stephen L. Baker [SB1859]
Neil B. Friedman [NF0591]
BAKER and RANNELLS, PA
575 Route 28, Suite 102
Raritan, New Jersey 08869
Tel: (908) 722-5640

570 Lexington Avenue, 10th Floor
New York, NY 10022

Attorneys for Plaintiff Diamond Tours, Inc.

BLOCK, J.

POHORELSKY, M.J

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV 11-0592

| | |
|---|---|
| DIAMOND TOURS, INC., | Civil Action No. ________ |
| Plaintiff, | Hon. |
| | United States District Judge |
| v. | **COMPLAINT** |
| NELLY BECK INC. *DBA* DIAMOND TOURS and NELLY BECK, individually, | |
| Defendants. | |

Plaintiff Diamond Tours, Inc. ("Diamond"), by its attorneys Baker and Rannells, PA, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**THE PARTIES**

1. Diamond is a Florida corporation with its principal place of business at 12651 McGregor Boulevard, Bldg. 3, Fort Myers, Florida 33919. Diamond is the owner of the registered trademark at issue in this action.

2. Nelly Beck, Inc. ("NB") is a New York corporation with its principal place of business at 115-10 Queens Boulevard, Forest Hills, New York 11375.

3. Nelly Beck ("Beck") is the President of NB (hereinafter NB and Beck are collectively referred to as "Nelly Beck"), and upon information and belief resides in Queens County, New York. Beck is the moving, active and conscious force behind defendants' infringing activities, and personally participated in the transactions alleged herein.

4. Nelly Beck (a) is doing business in the State of New York; (b) has transacted business within the State of New York and this judicial district; and (c) has committed tortious acts within the State of New York offering for sale and selling infringing goods to parties located within the State of New York and this judicial district.

**NATURE OF THE ACTION**

5. This is an action for trademark infringement, trademark counterfeiting, false designation of origin and unfair competition and breach of contract in violation of the laws of the United States and the State of New York. Diamond seeks an injunction, damages and related relief.

**JURISDICTION AND VENUE**

6. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Diamond's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and the statutory and common law of the State of New York.

7. Venue is properly founded in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

**THE DIAMOND TOURS TRADEMARK**

8. Diamond is now and has for many years been engaged in the services of arranging

travel tours and providing transportation therefore, and has achieved a reputation throughout the United States as a source of high quality tour services.

9. Since at least as early as the 1980's, Diamond has continuously used, in connection with its business, the mark and name DIAMOND TOURS as its trademark, service mark, corporate name and trade name in commerce in the United States, on and in association with its tour services and other related services and goods directed to retail consumers.

10. The DIAMOND TOURS INC. trademark is the subject of U.S. Registration No. 1,611,579 for arranging travel tours and providing transportation therefore. A copy of the registration is attached as Exhibit A.

11. The foregoing registration is valid and subsisting and is in full force and effect. Pursuant to 15 U.S.C. § 1065, the DIAMOND TOURS, INC. trademark has become incontestable.

12. As a result of Diamond's widespread and extensive use, advertising and promotion of the trademark and trade name DIAMOND TOURS, DIAMOND TOURS has become widely and favorably known to the public throughout the United States and has become recognized by consumers, the trade, and the public at large as identifying Diamond and Diamond's high quality services.

13. By reason of the foregoing, Diamond is the owner of the DIAMOND TOURS trademark and trade name and it has established a valuable business reputation and goodwill in the DIAMOND TOURS mark and name.

**NELLY BECK'S WRONGFUL ACTIVITIES**

14. Without the approval of Diamond and after the DIAMOND TOURS trademark became known to the consuming public and trade, Nelly Beck began offering travel and transportation services to consumers under the DIAMOND TOURS designation which constitutes the use of an unauthorized reproduction, copy, counterfeit and/or colorable imitations of Diamond's DIAMOND TOURS trademark.

15. In or about 2002, Diamond discovered that a travel and transportation service company began operating in New York under the corporate name Diamond Tours, Inc. located at 115-10 Queens Boulevard, Forest Hills, New York 11375. According to the New York State Department of State, the chairman or chief executive officer of that entity was a Nelly Bababeka.

16. On or about July 2002, Diamond caused a cease and desist letter to be delivered to Diamond Tours, Inc. of New York advising of its ownership in the DIAMOND TOURS trademark and requesting that Diamond Tours, Inc. discontinue from using its mark. Diamond Tours, Inc. never responded to Diamond's communication.

17. Although Diamond Tours, Inc. never responded to Diamond's communication, Diamond was under the belief that Diamond Tours, Inc. of New York either elected to change its name or ceased to operate based upon New York State Department of State records that reflected that the company dissolved in 2005.

18. In early 2010, based upon Nelly Beck's expansive advertising efforts and promotion over the Internet, Diamond came to learn that Beck simply reincorporated or otherwise began operating under the name Nelly Beck Inc. and DIAMOND TOURS.

19. Nelly Beck was using signage and business cards bearing the designation DIAMOND TOURS to promote its travel and transportation services.

20. Nelly Beck was engaging in internet advertising to misdirect consumers to its www.dtravelnet.com website which used the DIAMOND TOURS mark on its banner by using keyword advertising, metatags and/or other computer data or codes that contain the DIAMOND TOURS trademark.

21. Nelly Beck was offering travel and transportation services to consumers under the DIAMOND TOURS trademark to the same group of ultimate consumers as are Diamond's services.

22. The aforementioned acts of Nelly Beck were likely to cause confusion and mistake among consumers that (a) the Nelly Beck's services originated with Diamond, (b) there was some affiliation, connection or association of Nelly Beck with Diamond, and/or (c) Nelly Beck's services were being offered to consumers with the sponsorship and/or approval of Diamond.

23. The aforementioned acts of Nelly Beck were willful and intentional, in that Nelly Beck knew of, or willfully ignored, Diamond's trademark rights and such acts have been done in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of Nelly Beck's services, and to gain for Nelly Beck the benefit of the goodwill associated with the DIAMOND TOURS trademark.

24. On May 14, 2010, Diamond instituted an action in the United States District Court, Eastern District of New York, entitled *Diamond Tours, Inc. v. Nelly Beck, Inc. and Nelly Beck* (1:10-cv-02217-RJD-VVP) (the "Action"), in which Diamond sought injunctive

relief and damages for acts of trademark infringement, trademark counterfeiting, false designation of origin, and unfair competition arising out of the Nelly Beck's offering of travel and transportation services to consumers under the DIAMOND TOURS trademark without authorization. A copy of the Complaint is attached as Exhibit B.

25. On July 8, 2010, Diamond and Nelly Beck entered into a Settlement Agreement which in pertinent part provided that Nelly Beck "shall cease and desist from all use of the Diamond Trademark or any words or marks that are identical or confusingly similar to the Diamond Trademark, either individually or in conjunction with other words or marks including, but not limited to, store/office signage, business cards, website banners and related metadata, advertisements and promotional materials, telephone greetings or messages, email correspondence, letterhead, keyword, adword and/or sponsored advertising, social and/or business websites postings, domain names, business names and/or doing business as names."

26. The Settlement Agreement further provided that "[S]hould the Beck Defendants otherwise fail to comply with the terms and conditions of this Settlement Agreement, then the release set forth in Paragraph 5(a) shall be void *ab initio* and of no force and effect, and Diamond may assert and pursue any and all claims for relief and available remedies, either in equity or at law, which Diamond has or previously could have asserted against the Beck Defendants their principals, directors, officers, employees, agents, affiliates, divisions, subsidiaries, attorneys, successors and assigns, including without limitation, claims for trademark infringement, trademark infringement, trademark counterfeiting, false designation of origin, unfair competition or for breach of this Settlement Agreement." A copy of the Settlement Agreement is attached as Exhibit C.

27. Recently, despite the prior cease and desist letters, the prior action before this Court and the terms and conditions of the Settlement Agreement, Diamond has come to learn that Beck never discontinued use of the DIAMOND TOURS designation in connection with the promotion of its business. Calls to Nelly Beck's business continue to be answered with announcements regarding DIAMOND TOURS. The Nelly Beck website, www.dtravelnet.com, welcomes visitors with a large banner featuring a DIAMOND TRAVEL designation. A recent print-out from the website that is operated by Nelly Beck is attached as Exhibit D.

28. Nelly Beck continues to offer travel and transportation services to consumers under the DIAMOND TOURS trademarks and other DIAMOND variations that are identical or confusingly similar to Diamond's DIAMOND TOURS trademark which are marketed to the same group of ultimate consumers as are Diamond's services.

29. The aforementioned acts of Nelly Beck are likely to cause confusion and mistake among consumers that (a) the Nelly Beck's services originate with Diamond, (b) there is some affiliation, connection or association of Nelly Beck with Diamond, and/or (c) Nelly Beck's services are being offered to consumers with the sponsorship and/or approval of Diamond.

30. The aforementioned acts of Nelly Beck were willful and intentional, in that Nelly Beck knew of, or willfully ignored, Diamond's trademark rights and such acts have been done in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of Nelly Beck's services, and to gain for Nelly Beck the benefit of the goodwill associated with the DIAMOND TOURS trademark.

31. The aforementioned acts of Nelly Beck constitute an infringement of the DIAMOND TOURS trademark and simultaneously a breach of the July 8, 2010 Settlement Agreement. As a result of same, Diamond hereby reinstitutes and realleges its claims against Nelly Beck as set forth in the May 14, 2010 action (1:10-cv-02217-RJD-VVP).

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT)**

32. Diamond repeats and realleges each and every allegation set forth in paragraphs 1 through 31 hereof as if fully set forth herein.

33. The aforementioned acts of Nelly Beck constitute trademark infringement in violation of 15 U.S.C. § 1114.

34. Such conduct on the part of Nelly Beck has caused and will continue to cause irreparable injury to Diamond, for which Diamond has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(FALSE DESIGNATION OF ORIGIN)**

35. Diamond repeats and realleges each and every allegation set forth in paragraphs 1 through 34 hereof as if fully set forth herein.

36. The aforementioned acts of Nelly Beck constitute the use of a false designation of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

37. Such conduct on the part of Nelly Beck has caused and will continue to cause irreparable injury to Diamond, for which Diamond has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(TRADEMARK COUNTERFEITING)**

38. Diamond repeats and realleges each and every allegation set forth in paragraphs 1 through 37 hereof as if fully set forth herein.

39. The aforementioned acts of Nelly Beck constitute trademark counterfeiting in violation of 15 U.S.C. §§ 1114(1) and 1117(b).

40. Such conduct on the part of Nelly Beck has caused and will continue to cause irreparable injury to Diamond, for which Diamond has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)**

41. Diamond repeats and realleges each and every allegation set forth in paragraphs 1 through 40 hereof as if fully set forth herein.

42. The aforementioned acts of Nelly Beck constitute trademark infringement and unfair competition in violation of the common law of the state of New York.

43. Such conduct on the part of Nelly Beck has caused and will continue to cause irreparable injury to Diamond, for which Diamond has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**(N.Y. GENERAL BUSINESS LAW § 360-l)**

44. Diamond repeats and realleges each and every allegation set forth in paragraphs 1 through 43 hereof as if fully set forth herein.

45. Nelly Beck's activities have created and continue to create a likelihood of injury to Diamond's public image and reputation for travel and transportation services, and to dilute the distinctive quality of the DIAMOND TOURS trademark and all rights held thereunder.

46. By reason of the foregoing, Nelly Beck has violated and is continuing to violate

New York General Business Law § 360-1.

47. Such conduct on the part of Nelly Beck has caused and will continue to cause irreparable injury to Diamond, for which Diamond has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**(N.Y. GENERAL BUSINESS LAW § 349)**

48. Diamond repeats and realleges each and every allegation set forth in paragraphs 1 through 47 hereof as if fully set forth herein.

49. The aforementioned acts of Nelly Beck constitute deceptive acts and practices in violation of New York General Business Law § 349.

50. Such conduct on the part of Nelly Beck has caused and will continue to cause irreparable injury to Diamond, for which Diamond has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

51. Diamond repeats and realleges each and every allegation set forth in paragraphs 1 through 50 hereof as if fully set forth herein.

52. The aforementioned acts of Nelly Beck constitute breach of the July 8, 2010 Settlement Agreement.

53. Such conduct on the part of Nelly Beck has caused and will continue to cause Damage to Diamond in an amount to be proven at trial.

WHEREFORE, Diamond demands judgment as follows:

1. Preliminarily and permanently enjoining and restraining Nelly Beck, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

a. imitating, copying or making unauthorized use of the DIAMOND TOURS trademark;

b. offering for sale, advertising, promoting or displaying any product or service under the DIAMOND TOURS trademark;

c. using any unauthorized colorable imitation of the DIAMOND TOURS trademark in connection with the promotion, advertisement, display, sale, offering for sale or distribution of any product or service in such manner as to relate or connect, or tend to relate or connect, such product in any way with Diamond or to any services or products sold, sponsored, approved by, or connected with Diamond;

d. using any unauthorized colorable imitation of the DIAMOND TOURS trademark in connection with the promotion, advertisement, display, sale, offering for sale or distribution of any product or service which dilutes or is likely to dilute the distinctive quality of the DIAMOND TOURS trademark;

e. engaging in any other activity constituting unfair competition with Diamond, or constituting an infringement of the DIAMOND TOURS trademark or of Diamond's rights in, or to its right to use or exploit such trademark, or constituting dilution of the DIAMOND TOURS trademark and the reputation and the goodwill associated with the trademark;

f. making any statement or representation whatsoever that falsely designates the origin of the services being offered by Nelly Beck as those of Diamond, or that is false or misleading with respect to Diamond; and

g. engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the DIAMOND TOURS trademark or the, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

2. Directing that Nelly Beck deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, wrappers, receptacles and advertisements in its possession, custody or control bearing resemblance to the DIAMOND TOURS trademark and/or any reproductions, copies or colorable imitations thereof.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product or service at issue in this case has been offered for sale, sold or otherwise circulated or promoted by Nelly Beck is authorized by Diamond or is related to or associated in any way with Diamond's products or services.

4. Requiring Nelly Beck to account and pay over to Diamond all profits realized by their wrongful acts and directing that such profits be trebled, since Nelly Beck's actions were willful.

5. Awarding Diamond, at Diamond's election, statutory damages in the amount of $1,000,000 per mark for each type of good/service used in connection with which Nelly Beck used counterfeits of the DIAMOND TOURS trademark.

6. Awarding Diamond an amount to be proven at trial on its breach of contract claims.

7. Awarding Diamond its costs and reasonable attorneys and investigatory fees and expenses, together with prejudgment interest.

8. Awarding Diamond such other and further relief as the Court deems just and proper.

Dated: Raritan, New Jersey
February 3, 2011

**BAKER AND RANNELLS, PA**

By: ______________________
Stephen L. Baker
Neil B. Friedman

Attorneys for Plaintiff
575 Route 28, Suite 102
Raritan, New Jersey 08869
(908) 722-5640

And

570 Lexington Avenue, 10th Floor
New York, NY 10022
(212) 481-7007